UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

Plaintiff,

v.

EDUARDO AGUILAR, et al.,

Defendant.

No. 2:25–cv–02183–CKD

ORDER

(ECF No. 17)

On August 19, 2026, the undersigned held a status conference via Zoom on Plaintiff Oscar Ramos's status report (ECF No. 16.) Attorney Richard Mac Bride appeared for Plaintiff. Defendant Hoshiar S. Dadhwal failed to appear. Pursuant to Local Rule 230(g), Plaintiff's motion to compel (ECF No. 17) is submitted without appearance and without argument and the Court vacates the hearing scheduled for September 9, 2026.

## BACKGROUND

This action proceeds on a Complaint filed on August 5, 2025. (ECF No. 1.) Plaintiff brings this lawsuit against Defendants Eduardo Aguilar, A and A Family, Inc., and Hosihiar S. Dadhwal. Id. at ¶ 3-4. Plaintiff brings causes of action under the Americans with Disabilities Act ("ADA") and several state causes of action. Id. at ¶¶ 18-70. On August 25, 2025, Defendant Dadhwal appeared without counsel and answered the Complaint. (ECF No. 4.) On April 15, 2026, the clerk entered default as to Defendant A&A Family, Inc. (ECF No. 12.) On May 12, 2026, the

clerk entered default as to Defendant Aguilar (ECF No. 15.)

Plaintiff alleges he has been unable to communicate with Defendant Dahdwal about the case. (ECF No. 17 at ¶ 5.) Plaintiff alleges that on May 13, 2026, he sent a letter to Defendant which was unanswered. Id. Plaintiff then alleges on May 20, 2026, he propounded special interrogatories, requests for admissions, and requests for documents. Plaintiff alleges the deadline to respond to the written discovery was on July 8, 2026. Id. at ¶ 7. Plaintiff alleges that Defendant has not answered discovery, nor communicated with Plaintiff. Id. at ¶ 8.

Plaintiff filed a motion to compel answers to written discovery on July 29, 2026, with a hearing noticed for September 9, 2026. (ECF No. 17.) Defendant failed to file an opposition or statement of nonoppostion to Plaintiff's motion. See Docket. Accordingly, the Court submits the briefs on record pursuant to Local Rule 230(g).

**LEGAL STANDARD**

According to the Federal Rules of Civil Procedure, responses and/or objections to interrogatories and requests for production must be provided within 30 days of being served. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories"); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served").

"Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Such conduct also constitutes a waiver of any objection to Rule 34 requests for production. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Fed. R. Civ. P. 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection").

At the same time, the Ninth Circuit Court of Appeals "has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial, . . . [including the discretion] to exclude testimony [or

evidence that] would unfairly prejudice an opposing party." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (internal citations omitted).

**DISCUSSION**

It is undisputed that Defendant failed to respond, object, or request an extension of time to respond to Plaintiff's May 20, 2026, discovery requests within 30 days of being served. Therefore, the Court construes Defendant's non-response as a waiver of objections to Plaintiff's May 20, 2026, discovery requests. See Davis, 650 F.2d at 1160; Richmark Corp., 959 F.2d at 1473.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to compel scheduled for the hearing scheduled for September 9, 2026, is VACATED.
2. Plaintiff's motion to compel answers to written discovery (ECF No. 17) is GRANTED.
3. Within fourteen (14) days of this order, Defendant shall produce all outstanding responsive material to Plaintiff's May 20, 2026, discovery requests without any objections.

Dated: August 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, ramo.25cv2183.mtc